978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary PILON, Plaintiff-Appellant,
v.
Gary D. MAYNARD, Director of Corrections; Jerry Johnson,
Deputy Director of Corrections; James Saffle, Warden
O.S.P.; Bobby Boone, Deputy Warden O.S.P.; Doctor Marsh,
Doctor at O.S.P.; Roger Humphreys, Guard at O.S.P.,
Defendants-Appellees.
 No. 92-7027.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Gary Pilon appeals a district court order granting summary judgment in favor of the defendants in his action for damages under 42 U.S.C. § 1983. Mr. Pilon argues that the district court erred in finding that the defense of qualified immunity applied to all the named defendants and in granting summary judgment. We agree that Pilon has failed to allege facts sufficient to support his constitutional claims, and therefore exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Pilon sued officials of the Oklahoma Department of Corrections alleging unlawful placement in segregation, denial of medical care, denial of access to the courts, deprivation of property, cruel and unusual punishment, and denial of equal protection. The magistrate judge found that the defendants were entitled to qualified immunity, and that their conduct was reasonable and did not violate Mr. Pilon's constitutional rights. The district court filed an order affirming and adopting the magistrate's Findings and Recommendations, and granting defendants' motion for summary judgment.
 
 
 4
 On appeal, Mr. Pilon argues that only one defendant, Roger Humphreys, raised the defense of qualified immunity, and that the other defendants failed to plead the defense. The record, however, reveals that all of the defendants raised the qualified immunity defense. Mr. Humphreys, who was named as a defendant for the first time in the Amended Complaint, raised it in the Motion for Summary Judgment filed June 20, 1991, and the remaining defendants raised it in the Supplemental Response filed March 8, 1991. The defendants adopted and reasserted both of these pleadings in their Response to Court's Order filed October 17, 1991.
 
 
 5
 The claim of qualified immunity is a question of law which we review de novo. Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988). We also review the grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). When the defense of qualified immunity applies, however, our analysis for reviewing a grant of summary judgment differs from that typically used. Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir.1992). Once the defendant asserts a qualified immunity defense, the plaintiff must, with sufficient particularity, "come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." Losavio, 847 F.2d at 646.
 
 
 6
 Our threshold inquiry, then, is to determine whether Mr. Pilon has asserted facts and allegations sufficient to establish that the defendants have violated his constitutional rights at all. Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991). After carefully reviewing the record, we conclude that the evidence averred by Mr. Pilon fails to establish the constitutional violations alleged. Accordingly, we AFFIRM the district court's grant of summary judgment. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3